**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

**No. 19-4570**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DEVONTE L. JOHNSON,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond. M. Hannah Lauck, District Judge. (3:19-cr-00049-MHL-1)

Submitted: June 8, 2020                Decided: July 1, 2020

Before GREGORY, Chief Judge, and DIAZ and FLOYD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Geremy C. Kamens, Federal Public Defender, Patrick L. Bryant, Appellate Attorney, Valencia D. Roberts, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Alexandria, Virginia, for Appellant. Kenneth Ray Simon, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Devonte L. Johnson pled guilty to possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (2018). The district court sentenced Johnson within his advisory Sentencing Guidelines range to 57 months' imprisonment. Johnson's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning whether Johnson's sentence is reasonable. We affirm.

We review a sentence for reasonableness under a deferential abuse of discretion standard. *Gall v. United States*, 552 U.S. 38, 41, 51 (2007). We first examine the sentence for procedural error, which includes "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) [(2018)] factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range." *Id.* at 51. We then review the substantive reasonableness of the sentence, "tak[ing] into account the totality of the circumstances." *Id.* "Any sentence that is within or below a properly calculated Guidelines range is presumptively [substantively] reasonable. Such a presumption can only be rebutted by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014) (internal citation omitted).

Our review of the record reveals no significant procedural or substantive errors. The district court accurately calculated the Guidelines range, accorded the parties an opportunity to argue for an appropriate sentence, and allowed Johnson to allocute. Johnson

2

moved for a downward departure or variance, arguing that the application of two enhancements to his base offense level overstated the seriousness of his conduct and, similarly, that his criminal history category overrepresented the seriousness of his criminal history. The district court thoughtfully considered Johnson's arguments and, while it denied Johnson's motion, sentenced him within both the properly calculated Guidelines range and the slightly lower range for which Johnson advocated. On appeal, Johnson also questions whether the court adequately took into account his history and characteristics. However, the district court explicitly credited Johnson for his demonstrated desire to provide for his children and treat his drug addiction, imposing a lighter sentence than the one Johnson received for a similar offense in state court. Johnson therefore fails to rebut the presumption that his within-Guidelines-range sentence is substantively reasonable. *See Louthian*, 756 F.3d at 306.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Johnson, in writing, of the right to petition the Supreme Court of the United States for further review. If Johnson requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Johnson.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*